774 F.2d 1162
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Great Lakes Concrete Pole Corporation, a Michigan
corporation, Paul J. Goode and Mary Jo Goode, his
wife, Plaintiffs-Appellants,
v.
R. Douglas Eash, Gale I. Emic, David A. Hunt, Henry W.
Kirchner, LZ F. Lamoria, Sheldon G. Levy, Del H. Moeller and
The Dow Chemical Company, a Delaware corporation, jointly
and severally,defendants-appellees.
 NO. 83-1464
 United States Court of Appeals, Sixth Circuit.
 9/17/85
 
 E.D.Mich.
 REVERSED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: CONTIE and WELLFORD, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this case, plaintiff, Great Lakes Concrete Pole Corporation, a manufacturer of concrete light poles, used an additive, Saran, compounded and sold by Dow Chemical. The essence of Great Lakes' civil RICO[1] fraud claim is that Dow Chemical knowingly caused them to purchase and use Saran in 1200 such concrete light poles with prior knowledge that Saran had caused and did cause corrosion failures when used in concrete and metal construction. Plaintiff asserts that Dow's conduct led to plaintiffs' bankruptcy.
 
 
 2
 The district judge granted defendant Dow's motion to dismiss because he found that plaintiffs' claim was not the type of civil wrong that Congress sought to remedy in the RICO statute. The district judge recognizing that there were split decisions in relation to interpreting the civil portions of the RICO statute, announced how he would have ruled on two other issues which his decision to dismiss the action made it unnecessary for him to decide at that point. These announcements were first that he would have stayed the federal claim pending a resolution of pending state court proceedings on the same issues. At the same time, he would have allowed plaintiffs to amend their complaint to make their pleadings more specific as he held Rule 9(b) of the Rules of Federal Procedure required for a viable complaint.
 
 
 3
 Three issues are presented--two procedural in character and the third substantive in nature:
 
 
 4
 1. Does the corporate plaintiff have standing to bring a civil fraud action while in Chapter 7 bankruptcy proceedings?
 
 
 5
 2. Do the individual plaintiffs, as creditors of the corporate plaintiff, have standing to maintain a cause of action against a defendant allegedly responsible for the firm's bankruptcy?
 
 
 6
 3. Can a civil plaintiff without alleging an organized crime component use RICO against a corporate defendant allegedly responsible for fraudulent acts which result in substantial business loss?
 
 
 7
 We turn first to the substantive RICO question. This question has been presented to the U. S. Supreme Court in appeals from two circuits, Sedima S.P.R.L. v. Imrex Co., Inc., 741 F.2d 482 (2d Cir. 1984), cert. granted, 105 S. Ct. 901 (Jan. 14, 1985), and American National Bank and Trust Company of Chicago v. Haroco, Inc., 747 F.2d 384 (7th Cir. 1984), cert. granted, 105 S. Ct. 902 (Jan. 14, 1985).
 
 
 8
 The Supreme Court has now definitively decided the third issue in Sedima S.P.R.L. v. Inrex Co., Inc., et al., 105 S. Ct. 3275, 53 U.S.L.W. 5034 (1985), that a complaint 'is not deficient for failure to allege either an injury separate from the financial loss stemming from the alleged acts of mail and wire fraud, or prior convictions of the defendants.' (Slip op. at 20). It is not necessary, according to that decision, for plaintiffs to allege an organized crime component in order to maintain this civil RICO cause of action.
 
 
 9
 Accordingly, we now REVERSE the decision below and the case is REMANDED for further proceedings in accordance with Sedima.
 
 
 10
 EDWARDS, Senior Circuit Judge, concurring.
 
 
 11
 I concur in the per curiam in which my colleagues have joined remanding this case for trial in light of the Supreme Court's majority opinion in Sedima, S.P.R.L. v. Imrex Co., ---- U.S. ----, 53 U.S.L.W. 5034 (July 1, 1985).
 
 
 12
 I would, however, add two other points. First, on remand the District Judge should, on motion, allow amendment of the plaintiffs' pleading to allow the case to proceed as promptly as the court's docket permits after granting plaintiffs the right to proceed with the Trustee in Bankruptcy as plaintiff.
 
 
 13
 Second, I would like to express the view that the concerns expressed by the Supreme Court minority in Justice Marshall's opinion concerning the impact of the treble damage aspect of civil RICO should be given most serious consideration by the Congress of the United States. The federal courts simply do not have either the personnel or the physical facilities necessary to handle the volume of corporate fraud litigation likely to be diverted to them by civil RICO.
 
 
 
 [1]
 Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1961, et seq. (1982)